IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JERRY ALLEN WHITTINGTON and
NIKKI L. WHITTINGTON, his wife,

        Plaintiffs,

v.                                            CIVIL ACTION NO. 3:06-0903

HUNTER'S VIEW, LTD,
a foreign corporation; and
WAL-MART STORES EAST, L.P.,
a Delaware limited partnership,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendants Hunter's View, Ltd. and Wal-Mart Stores East, L.P.'s Motion for Summary Judgment. (Doc. No. 52). For the reasons explained below, the Court **DENIES** the motion.

**FACTS**

In late 2003, Plaintiff purchased a Hunter's View Silver Condor climbing tree stand from a Wal-Mart in Nitro, West Virginia. On November 1, 2004, Plaintiff went deer hunting and used the climbing tree stand for the first time. Plaintiff installed the tree stand and began to ascend, but did not use the chest harness that came with the product. He ascended twenty to twenty-five feet above ground using the tree stand. The tree stand allegedly collapsed and Plaintiff fell, sustaining a broken back.

On October 23, 2006, Plaintiff brought suit against Hunter's View, Ltd. and Wal-Mart Stores East, L.P. alleging: 1) breach of warranty; 2) negligent design, manufacture, and distribution; 3) strict product liability; and 4) loss of consortium. On January 8, 2007, Defendants filed the Motion for Summary Judgment at issue in this Order.

## DISCUSSION

**Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. The Court will address each argument.

**Comparative Negligence & Assumption of the Risk**

Defendants argue is that Plaintiff was comparatively negligent and that he assumed the risk of injury by failing to use the chest safety harness, by attempting to adjust the "quick clip," and by disregarding the product warnings. Plaintiff counters that comparative negligence is not a basis for summary judgment because it is the duty of the jury to determine the degree of fault attributable to both parties. Plaintiff also argues that it was the tree stand's design defect that made him fall. He alleges that the chest harness generally is known to cause more harm than good and that he attempted to adjust the quick clip only after it slipped.

West Virginia adheres to the doctrine of comparative negligence, whereby "a plaintiff is not entitled to recover from a negligent tortfeasor if the plaintiff's own contributory negligence equals or exceeds the combined negligence or fault of the other parties involved in the accident or occurrence." *Rowe v. Sisters of Pallottine Missionary Society*, 560 S.E.2d 491, 496 (W.Va. 2001). However, "before any party is entitled to recover, it must be shown that the negligence of the defendant was the proximate cause of the accident and subsequent injuries. The same is true of contributory fault or negligence. Before it can be counted against a plaintiff, it must be found to be the proximate cause of his injuries." *Judy v. Grant County Health Dept.*, 557 S.E.2d 340, 344 (W.Va. 2001) *quoting Bradley v. Appalachian Power Co.,* 256 S.E.2d 879, 885 (W.Va. 1979).

The West Virginia Supreme Court of Appeals "has consistently held in numerous cases that when the material facts are undisputed and only one inference may be drawn from them by reasonable minds the questions of negligence and contributory negligence are questions of law for the court." *Petros v. Kellas*, 122 S.E.2d 177, 185 (W.Va. 1961) (citations omitted). However, "the questions of negligence and contributory negligence are for the jury when the evidence is conflicting

Case 3:06-cv-00903   Document 71   Filed 03/13/08   Page 4 of 6 PageID #: 492

or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them." *Louk v. Isuzu Motors, Inc.*, 479 S.E.2d 911, 927 (W.Va. 1996) *quoting Davis v. Sargent*, 78 S.E.2d 217, syll. pt. 3 (W.Va. 1953). "[A] jury should be instructed on the effect of the comparative negligence doctrine and the fact that if the plaintiff is more than 50 percent negligent, he may not recover damages." *King v. Kayak Mfg. Corp.*, 387 S.E.2d 511, 514 (W.Va. 1989) *citing Adkins v. Whitten,* 297 S.E.2d 881 (W.Va. 1982).

"The doctrine of assumed or incurred risk is based upon the existence of a factual situation in which the act of the defendant alone creates the danger and causes the injury and the plaintiff voluntarily exposes himself to the danger with full knowledge and appreciation of its existence." *King*, 387 S.E.2d at 516 *quoting Hollen v. Linger*, 151 S.E.2d 330, 335 (W.Va. 1996). Under West Virginia law, "assumption of the risk requires actual knowledge of the dangerous condition." *King*, 387 S.E.2d at 516.

West Virginia has made it clear that assumption of the risk and contributory negligence are very different. *King,* 387 S.E.2d at 516. "The essence of contributory negligence is carelessness; of assumption of risk, venturousness. Knowledge and appreciation of the danger are necessary elements of assumption of risk. Failure to use due care under the circumstances constitutes an element of contributory negligence." *Id.* at 515-516 *quoting Spurlin v. Nardo,* 114 S.E.2d 913, 919 (W.Va. 1960). The "plaintiff is not barred from recovery by the doctrine of assumption of risk unless his degree of fault arising therefrom equals or exceeds the combined fault or negligence of the other parties to the accident." *King*, 387 S.E.2d at 517.

Defendant contends that the Plaintiff's carelessness contributed to and caused the accident. Defendant notes Plaintiff's testimony that he knew of the warnings on the product packaging and

that, even with this knowledge, he chose to climb the tree "without using the chest safety harness that was provided with the product." Mem. in Support of Mot. for Summ. J. of Def's. Hunter's View, Ltd. and Wal-Mart Stores East, L.P. at p. 6. Defendant states that there is "no doubt" that if Plaintiff had worn the harness, he would not have fallen. *Id.* at p. 7. Additionally, Defendant notes that Plaintiff attempted to adjust the quick clip while he was above ground, which directly contradicted the product literature warnings. *Id.* at p. 8. Essentially, Defendant states that "Plaintiff's testimony alone leads a reasonable person to only one conclusion" – namely, that he failed to heed the warnings provided by Defendant and that his failure to use the provided chest harness caused the accident at issue. *Id.* at p. 8.

As noted above, the Court views the underlying facts and inferences in the light most favorable to the plaintiff in this case, though the plaintiff must present more than a scintilla of evidence in order to withstand summary judgment. *Anderson*, 477 U.S. at 256, 252. Plaintiff admits that he did not use the chest harness, but claims that fact has "no bearing on the fact that the tree stand fell apart while in use." Pl. Resp. in Opp'n to Def.'s Mot. for Summ. J., p. 7. Plaintiff contends that he "installed the subject tree stand in the manner prescribed in the product literature" and then began to climb the tree. *Id.* at p. 7-8. Plaintiff points to the "evaluation" of the Treestand Manufacturer's Association ("TMA") stating that the TMA insists that its members use full-body harnesses because they are safer than a chest harness and because the chest harness poses the possibility of choking or asphyxiating the person using said harness. *Id.* at p. 8. Plaintiff testified that he did not wear the chest harness because he felt safer without it.

Plaintiff also contends that he was not negligent when he attempted to move the quick-clip pin into place after it disengaged because, after reading the safety instructions on the product

packaging, he was aware of the importance of that safety feature and was fearful of falling when it slipped out of place. Finally, Plaintiff explains that there was no assumption of the risk in this case because the tree stand was defective and collapsed as he was using it for the intended purposes. He did not simply fall from the tree stand while the stand remained intact. *Id.* at p. 13. He contends that he certainly did not assume the risk of wearing the chest harness because he did not wear it due to the possibility of asphyxiation associated with those harnesses. *Id.* at p. 16.

The relevant uncontradicted facts are: 1) that Plaintiff did not use the chest harness; and 2) that Plaintiff fell. The parties disagree as to the proximate cause of the injury, be it the design or the Plaintiff's actions, and extent that either party is negligent, if at all. There are genuine issues of material fact and conflicting evidence such that a jury should decide whether and to what extent, if any, Defendant contributed to the accident and to compare that with whether and to what extent, if any, the negligence of Plaintiff contributed to the accident. *See Louk,* 479 S.E.2d at 927. For these reasons, summary judgment is not appropriate.

## CONCLUSION

For the reasons mentioned above, the Court **DENIES** Defendants Hunter's View, Ltd. And Wal-Mart Stores East, L.P.'s Motion for Summary Judgment.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: March 13, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE